UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:06CV-P259-H

STEVEN D. GOWDY                                                                              PLAINTIFF

v.

MIKE SIMPSON                                                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 (DN 1).  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the Court will dismiss Plaintiff's claim regarding food service, but will allow the remainder of the claims to proceed past initial screening for further development.

**I.  Summary of Claims**

Plaintiff, Stephen D. Gowdy, a former inmate at the Oldham County Detention Center, has sued its jailer, Mike Simpson, in his official and individual capacities.  Plaintiff was housed in the Oldham County Detention Center as a pretrial detainee from approximately October 2005 through December 2005.  Plaintiff's primary complaint is that during this time period he was subjected to overcrowded and unsanitary conditions that resulted in him contracting a serious, antibiotic-resistant infection on his face.  Specifically, Plaintiff allegations include that he was forced to share a toilet with numerous other inmates without the benefit of any cleaning supplies, that the toilet often overflowed, and that human waste was left on the floor where prisoners, including himself, had to walk through it.  Plaintiff further alleges that the detention center was poorly ventilated and that the showers were constantly molded and generally unsanitary.

Plaintiff claims the unsanitary and overcrowded conditions led to him contracting an infection on his face, which required hospitalization and surgery.  Plaintiff complains that his condition was

exacerbated because his medical complaints (and that of other prisoners) were ignored or overlooked by detention center officials until they became so serious as to require outside treatment.[1]

Plaintiff also alleges that the food was also often served cold.

## II. Standard of Review

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2) *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,*

---

[1] Plaintiff states that he filed a number of grievances and appeals related to the unsanitary conditions and his resulting injuries between November 17, 2005, and December 2005, but was told by prison officials that they had been lost along with his medical files.

454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III. Analysis

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

**A.    Unsanitary conditions**

In this case, Plaintiff is alleging that Defendant violated his constitutional due process rights by housing him in an overcrowded and unsanitary environment, which directly contributed to him developing a serious infection on his face. A prisoner's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337 (1981). Construing Plaintiff's allegations in a light most favorable to Plaintiff, the Court cannot say as a matter of law that Plaintiff has failed to state a conditions of confinement claim against Defendant. As such, the Court will allow this claim to proceed.

**B.    Medical treatment**

Plaintiff alleges that Defendant ignored his requests for medical treatment until the infection on his face became so grave that it required outside treatment and surgery. To sustain a cause of action under § 1983 for failure to provide medical treatment, a plaintiff must demonstrate that the

defendants acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Again, construing Plaintiff's allegations in a light most favorable to Plaintiff, the Court cannot say as a matter of law that Plaintiff has failed to state a claim against Defendant.  As such, the Court will allow this claim to proceed.

**C.     Food service**

Plaintiff also mentions in one sentence of his complaint that the food at the Oldham County Detention Center was often served cold, and one of the grievances attached to Plaintiff's complaint indicates that there was a hair in Plaintiff's food.  As the Sixth Circuit has recognized, "the fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." *Smith v. Younger*, No. 98-5482, 1999 U.S. App. LEXIS 20168 (6th Cir. Aug. 9, 1999) (quoting *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985)).  As such, to the extent that Plaintiff is attempting to assert a claim as related to these allegations it will be dismissed with prejudice for failure to state a claim.

Consistent with this Memorandum Opinion, the Court will enter an Order dismissing Plaintiff's food service claim with prejudice, and will enter a separate Order governing the development of his conditions of confinement and medical treatment claims.[2]  The Court cautions Plaintiff, however, that allowing these claims to proceed is no indication that he will ultimately prevail.  Rather, the Court will allow issuance of summons against Defendant and will enter a Scheduling Order to govern the further development of these claims, which are always subject to later

---

[2] Plaintiff also attached a number of grievances to his complaint unrelated to the allegations in his compliant (exhibits 1-2 and 4-6).  As there are no allegations in the complaint related to these grievances, the Court does not consider them to be a part of this action.

dismissal on motion of Defendant.

Date:

cc: Plaintiff, *pro se*
 Defendant
 Oldham County Attorney

4412.008