UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-P259-H

STEVEN D. GOWDY                                                      PLAINTIFF

V.

MIKE SIMPSON, Individually and in his
official capacity as Oldham County Jailer                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Steven D. Gowdy, was incarcerated at the Oldham County Detention Center

from approximately October 2005 through December 2005. The Oldham County Detention

Center has instituted a grievance procedure. He has made a claim based upon unsanitary prison

conditions and inadequate medical care. All discovery is complete and the Court must conclude

that the claims should be dismissed.

I.

Congress enacted the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e to preclude

prisoners from bringing actions regarding prison conditions in any jail until available

administrative remedies were exhausted. The purpose was to reduce the quantity and improve

the quality of prisoner suits. Consequently, a prisoner confined in any jail, prison, or other

correctional facility may not bring an action with respect to prison conditions under § 1983 until

the available administrative remedies are exhausted. The plain language of the statute makes

exhaustion a precondition to filing an action in federal court. *Freeman v. Francis, et al.*, 196

F.3d 641, 645 (6th Cir. 1999).

Here, Plaintiff failed to file a grievance on his allegations that the conditions of the jail were unsanitary or that he was provided inadequate medical care resulting in the development of an infection on his face.  Even if it could be said that the November 20, 2005 grievance is construed as a general grievance sufficient to support a general accusation that the Oldham County Detention Center provided inadequate medical care, Plaintiff failed to comply with the detention center's grievance appeal process.

The Court concludes that Plaintiff failed to exhaust his available administrative remedies as to these claims.  This requires dismissal of all claims.

## II.

Defendant has also moved for summary judgment as to the claim of denial of medical care on substantive grounds.

Here, Plaintiff has pled only that he felt the medical personnel at the staff did not provide adequate medical treatment.  Plaintiff has provided no evidence that the medical care he received was substandard.  Medical records provided in discovery indicate that Plaintiff was treated repeatedly between October 2005 and December 2005.  While Plaintiff was taken to an Immediate Care Center on December 15, 2005, the Immediate Care Center is an alternative physician for inmates requiring more urgent care.  The fact that the Oldham County Detention Center arranged for and delivered Plaintiff to the Immediate Care Center certainly demonstrates that Plaintiff's medical conditions were accorded consideration by the facility.  Plaintiff has simply failed to meet his burden of proof that there was substandard medical care, let alone that such medical care was deliberate and knowing on the part of Oldham County Detention Center.  In fact, Plaintiff has failed to address the failure of proof as to his medical claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is

SUSTAINED and Plaintiff's claim for denial of medical care is DISMISSED WITH

PREJUDICE and his claim for unsanitary conditions is DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc:     Steven D. Gowdy, *Pro Se*
        Counsel of Record